**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4086**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD BYRD, a/k/a Robert Smith,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:14-cr-00186-RDB-1)

Submitted: July 19, 2018                                    Decided: August 9, 2018

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Gregory Dolin, UNIVERSITY OF BALTIMORE SCHOOL OF LAW, Baltimore, Maryland, for Appellant. Kenneth Sutherland Clark, James G. Warwick, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Byrd seeks to appeal his conviction and 312-month sentence, imposed pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, for conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine and 1000 or more kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012), and conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h), 1957 (2012). Byrd's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court violated Byrd's Sixth Amendment right to counsel of choice, Byrd admitted all elements of the offense at the Fed. R. Crim. P. 11 hearing, Byrd's guilty plea was the result of ineffective assistance of counsel, Byrd was informed of the immigration consequences of his guilty plea, and Byrd's sentence is unreasonable. Byrd has also filed a supplemental pro se brief. The Government has filed a motion to dismiss the appeal on the ground that these issues fall within the scope of Byrd's waiver of appellate rights contained in the plea agreement. We dismiss in part and affirm in part.

We review the validity of a defendant's waiver of appellate rights de novo. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *Id.* "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

2

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Byrd knowingly and voluntarily pled guilty and waived his right to appeal his conviction and sentence, and that the claims he seeks to raise are either foreclosed by his guilty plea or fall within the compass of the appeal waiver. We therefore grant the Government's motion to dismiss as to those claims.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. To the extent Byrd asserts that his counsel was ineffective, the present record does not conclusively demonstrate such deficiency. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). We therefore affirm the remainder of the district court's judgment. This court requires that counsel inform Byrd, in writing, of the right to petition the Supreme Court of the United States for further review. If Byrd requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Byrd.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*